**AMERICAN FIRE AND CASUALTY COM-
PANY, ORLANDO, FLORIDA, a
corporation, Appellant,**

**v.**

**Milton KAPLAN, Appellee.**

**No. 2998.**

Municipal Court of Appeals for the
District of Columbia.

Argued July 30, 1962.

Decided Aug. 29, 1962.

Thomas B. Scott, Washington, D. C.,
with whom Wilbert McInerney, Washington, D. C., was on the brief, for appellant.

Stanley Klavan, Washington, D. C., for
appellee.

Before QUINN and MYERS, Associate
Judges, and CAYTON, (Chief Judge, Retired) sitting by designation under Code §
11–776(b).

CAYTON, Acting Judge.

A jury returned a verdict for plaintiff in
this action on a lawyer's protective liability
policy. Defendant insurance company has
appealed.

Milton Kaplan, a member of the bar, represented both parties, seller and buyer, in a
sale of real estate. He agreed with the par-

ties that he would see to it that a prescribed amount ($2,000) of fire insurance was placed upon the premises. Subsequently the premises were damaged by fire, and Kaplan discovered that he had neglected his obligation to place the insurance. He notified appellant insurer of his negligence and' requested it to pay, pursuant to the terms of the policy on his behalf, the amount necessary to repair the damage. Insurer's refusal to pay resulted in this suit.

The question on this appeal is whether in paying for repairs to the damaged premises, without institution of suit or rendition of a judgment against him by his client, Kaplan as a matter of law lost his right to indemnification by his insurer. Appellant claims error in the denial of motions for summary judgment, for directed verdict, for new trial, and for judgment n. o. v. These are all based on the theory that Kaplan had no right to pay his client's claim against him, that he did so "voluntarily," in violation of the policy, and that rendition of a judgment against him was a condition precedent to his recovery against appellant. We set out in the margin the pertinent provisions of the policy.[1]

■■■■ Defendant offered no evidence and from the uncontradicted evidence for the plaintiff the jury could have found as follows: Kaplan communicated on numerous occasions with Robert W. Green Associates, Inc., who were adjusters and admittedly authorized agents for the insurer; that he was emphatically told on separate occasions that the insurer was rejecting the claim; that "if a judgment were recovered against me [Kaplan], that I would then in turn have to sue the company, and also stated, in response to my question * * *, that in no event, whether I paid the claim or whether I didn't pay the claim, whether there was a recovery against me or whether there was no recovery—whether—in the event of any recovery against me, that I would have to sue the company," and that Kaplan himself was being threatened with suit by his client.

We think Kaplan's step in honoring the claim against him cannot be characterized as "voluntary," so as to defeat his resultant claim against the insurer. He had an interest of his own to protect. He had both a moral and a legal obligation on which he had been threatened with suit.[2] Furthermore, when read in context, the provision as to "voluntary" settlements, contained in Condition No. 3 of the policy (supra, footnote 1) contemplates a situation where the insurer is actively engaged in negotiating a settlement or defending a suit. It does not cover a situation where the insurer rejects the claim in advance and says it will not pay under any circumstances.

■■■■ By rejecting an asserted claim and refusing to defend in the name of the policy-holder, the insurer's repudiation of its obligations under the policy operates to relieve the insured from the performance of provisions intended to protect the insurer if it honored its responsibility.[3] The appellant cannot repudiate its obligations under this type of contract on the one hand and hold

1. "3. The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense.
   "4. No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. * * * "

2. Kramer v. American Fidelity & Cas. Co. of Richmond, Va., D.C.Mun.App., 165 A. 2d 924.

3. Massachusetts Bonding & Ins. Co. v. Car & General Ins. Corp., D.C.E.D.Pa., 152 F.Supp. 477.

its insured to strict performance on the other.[4] As was said in Traders & General Ins. Co. v. Rudco Oil & Gas Co., 10th Cir., 129 F.2d 621, 626, 142 A.L.R. 799:

"If * * * the insurer denies liability for the asserted claims and refuses to defend in the name of the assured or to acknowledge any duty or obligation arising under the contract of insurance, the assured is released from the covenant against settlement or interference and may assume control of the litigation, defend in his own name, or effect a reasonable and prudent settlement of the claims, or suits, and thereafter assert his rights under the policy; in which event, his right to recover against the insurer is generally measured by the coverage under the policy and the reasonableness of the settlement."

There is no disputing the reasonableness of the settlement here. Under the circumstances, requiring Kaplan to remain passive while suit was filed and judgment taken could serve no useful purpose: it would have been a gesture of futility, and would have fostered unnecessary litigation, with attendant delays and additional expenses.

▌ Appellant takes exception to certain instructions given by the court and others offered by it and refused. The instructions denied would in effect have required the jury to find for appellant because a judgment had not been entered against Kaplan or because he had made a "voluntary" settlement. As we have already said, appellant's repudiation of its obligation is inconsistent with holding Kaplan to the strict word of the policy. The jury could have found on the uncontradicted testimony of Kaplan that he was acting in the capacity of an attorney (rather than as an insurance broker, as defendant urged), in obligating himself to see to it that the premises were covered by insurance, and that he neglected to do so. The charge to the jury followed the requirement of the policy that only when acting in the capacity of an attorney would the insured be covered. The charge as a whole was fair and full, and comprehensively covered the law of the case.

▌ The final assignment of error concerns admission of copies of several letters. The originals were communications from Kaplan to Robert W. Green Associates, Inc. the admitted agents of appellant. Well in advance of trial appellant was given notice to produce the originals. Appellant did not honor the notice to produce but instead, at trial, making no objection under any substantive rule of evidence, objected to their admission on the sole ground that these were not the originals. The ruling admitting the copies into evidence was correct.[5]

Affirmed.

---

4. St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co., 201 U.S. 173, 26 S.Ct. 400, 50 L.Ed. 712.

5. 4 Wigmore, Evidence §§ 1192, 1200–1203.