[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has moved to strike a special defense in this action in which the plaintiff, a waste removal company seeks to recover from Drao Insurance Agency, Inc. and Charles P. Drao III, an insurance agency and its owner/president, under theories of negligence, breach of contract and breach of fiduciary duty. The plaintiff claims that it consulted with the defendants for the purpose of securing insurance which would protect it from liability arising from the operation of its business. The defendants secured for the plaintiff a commercial automobile liability policy with a limit of $1,000,000 and an umbrella policy, also with a limit of $1,000,000.
The plaintiff alleges that on June 27, 1994, one of its trucks was involved in a collision in which the driver and passenger of another car were killed and the operators and passengers of other cars were injured. The estates of the deceased brought suit against the plaintiff and claimed damages far in excess of the coverage afforded under the aforementioned insurance policies. The insurer paid the limits of the commercial automobile and umbrella policies. Thereafter, the plaintiff paid the estates of the deceased approximately $1.65 million dollars to settle the claims.
 The special defense which is the subject of the Motion to Strike is as follows:
 The plaintiff compromised the underlying claims without a judicial determination and, therefore, was acting as a volunteer and therefore is barred from bringing this action. CT Page 2090
When an insurance agent fails to perform his duties, he may be held liable for loss properly attributable to his default and an insured may bring an action against him for failure to obtain insurance under a theory of either negligence or breach of contract. Rametta v. Stella, 214 Conn. 484, 489, 572 A.2d 978
(1990).
The defendants have not cited any cases which hold that an insured must wait for a judicial determination of liability or damages as a prerequisite to instituting suit against an insurance agent for failure to procure insurance. However, the Connecticut Supreme Court has held that where a liability insurer refuses to defend a third party claim, the insured may settle that claim even prior to the institution of suit by the thirdparty and then proceed against the insurer for wrongful refusal to defend. Alderman v. Hanover Ins. Group, 169 Conn. 603, 610,363 A.2d 1102 (1975); Missionaries of Co. of Mary, Inc. v. AetnaCasualty Surety Co., 155 Conn. 104, 114, 230 A.2d 21 (1967).
In Alderman the Court considered whether an insured was entitled to recover expenses incurred in settlement of a claim, where the insurer wrongfully denied coverage and settlement was made by the insured before any suit had been instituted against the insured by the claimant. Finding no precedent on that specific issue in Connecticut, the Court looked to the law of other jurisdictions, including American Fire Casualty Co. v.Kaplan, 183 A.2d 914 (D.C. Mun. App. ), and quoted the Court inKaplan:
 "We think Kaplan's [the insured's] step in honoring the claim against him cannot be characterized . . . so as to defeat his resultant claim against the insurer. He had an interest of his own to protect. He had both a moral and a legal obligation on which he had been threatened with suit . . . . Under the circumstances, requiring Kaplan to remain passive while suit was filed and judgment taken could serve no useful purpose; it would have been a gesture of futility, and would have fostered unnecessary litigation, with attendant delays and additional expenses."
169 Conn. at 611, citing 183 A.2d at 915-916. CT Page 2091
The only authority offered by the defendants in support of the special defense is Johnston v. Moeller, 93 Conn. 590, 594, where the Court stated that when one pays the debt of another he becomes a volunteer and equity will not recognize his right to recover from the person on whose behalf he had made payment.Johnston is completely inapposite here. In the suit by the estates of the decedents, the plaintiff had a legal obligation. It entered into the settlement to meet that obligation and, presumably, to avoid risks of a judgment entering against it in an amount greater than the amount of the settlement. In making payment on the settlement it was not paying the debt of the defendants. Rather, it was paying its own debt with its own funds. It seeks to recover the amount of that payment from the defendants not as a reimbursement of a payment made on behalf of the defendants, but as damages resulting from the defendants' alleged failure to procure adequate insurance coverage.
This court finds nothing in the law of this state to support the contention that an insured is barred from suing an insurance agent for failure to procure coverage for third party claims unless the insured has a judicial determination of the amount of the claim. The only limit on the insured's ability to settle a third party claim is that "the settlement must be reasonable and made by the insured in good faith." Alderman at 611.
For the foregoing reasons, the Motion to Strike is granted.
By the court,
AURIGEMMA, J.